J-S87017-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| SHERRY LYNN LOGSDON | |
| Appellant | No. 1018 MDA 2016 |

Appeal from the Order Entered June 14, 2016
In the Court of Common Pleas of Franklin County
Criminal Division at No(s): CP-28-CR-0000718-2016

BEFORE:    LAZARUS, J., SOLANO, J., and PLATT, J.[*]

MEMORANDUM BY SOLANO, J.:                **FILED FEBRUARY 03, 2017**

Appellant, Sherry Lynn Logsdon, appeals from the trial court's order denying her "Motion Requesting Court to Revisit Motion to Dismiss Charges." We quash for lack of jurisdiction.

The procedural history underlying this appeal is as follows:  On April 8, 2016, a criminal complaint was filed in which Appellant was accused of misdemeanor simple assault, 18 Pa.C.S. § 2701(a), and the summary offense of harassment, 18 Pa.C.S. § 2709(a).  On May 3, 2016, Appellant appeared before the Magisterial District Judge (MDJ) for her preliminary hearing.  The MDJ dismissed the misdemeanor simple assault charge, and scheduled Appellant for arraignment on June 1, 2016, in the Franklin County

_____

[*] Retired Senior Judge assigned to the Superior Court.

Court of Common Pleas on the summary harassment charge. Notice of Arraignment, 5/3/16.

Appellant filed a "Motion to Cancel Arraignment and Redirect Case to Proper District Justice" on May 11, 2016. Appellant alleged there were "no remaining court related charges filed against [her,]" and "the only remaining charge filed against [her] is a summary offense, which should be properly heard before [the MDJ] in the jurisdiction in which the alleged summary offense occurred." Motion to Cancel Arraignment and Redirect Case to Proper District Justice. 5/11/16, at 1-2. The Commonwealth responded to Appellant's motion as follows:

> Admitted that the only remaining charge is a summary offense; denied that it should be heard before MDJ Pentz. See Pa.R.Crim.P. 543(F)(2) ("[i]f the Commonwealth does not establish a *prima facie* case pursuant to paragraph (B), **upon the request of the Commonwealth**, the issuing authority shall dispose of the summary offense as provided in Rule 454 (Trial in Summary Cases)." (emphasis added); Pa.R.Crim.P. 543(G) ("[e]xcept as provided in Rule 541(D), once a case is bound over to the court of common pleas, the case shall not be remanded to the issuing authority").

Commonwealth's Answer to Defendant's Motion to Cancel Arraignment and Redirect Case to Proper District Justice, 5/20/16, at 1-2 (emphasis in original; footnote omitted).

While still waiting for a decision on her Motion to Cancel Arraignment and Redirect Case to Proper District Justice, Appellant, on May 26, 2016, filed a "Motion to Dismiss Charges or Remand to District Justice." In her motion, Appellant argued that the summary harassment charge should be

dismissed or remanded because "the Commonwealth did not present a *prima facie* case" at the preliminary hearing "and the issuing authority failed to dispose of the summary offense, as required." Motion to Dismiss Charges or Remand to District Justice, 5/26/16, at 1-2. Appellant cited and attached to her motion a copy of Rule 543 of the Rules of Criminal Procedure, which addresses "Disposition of Case at Preliminary Hearing."

On May 31, 2016, the trial court issued an order denying both of Appellant's motions. On June 1, 2016, Appellant appeared and waived her arraignment, as evidenced by the statement of rights filed that same day. However, on June 13, 2016, Appellant filed a "Motion Requesting Court to Revisit Motion to Dismiss Charges with Citation to Prevailing Authority." Within that motion, Appellant averred that on June 1, 2016, her "counsel made an oral motion on the **same topic** which was *DENIED* [bolded emphasis added]." The "prevailing authority" she cited was, again, Pa.R.Crim.P. 543. The following day, the trial court denied the motion and entered an order which stated:

> IT IS HEREBY ORDERED that the Defendant's *Motion* is DENIED. As this issue has been preserved for appellate review multiple times over, Defendant is prohibited from raising the issue again before this Court.

Order, 6/14/16.

Appellant filed this appeal on June 22, 2016. On July 1, 2016, Appellant filed a Statement of Matters Complained of on Appeal, in which she presented a single issue: "Did the Court err in Denying [Appellant] relief

from further prosecution pursuant to Pennsylvania Rule of Criminal Procedure 543?"  Statement of Errors Complained of on Appeal, 7/1/16, at 2.  In response, the trial court filed a Pa.R.A.P. 1925(a) opinion in which it asserted that the Superior Court lacks jurisdiction to hear the appeal, and, in the alternative, concluded that Appellant's argument regarding Rule 543 is meritless.  Trial Court Opinion, 7/15/16, at 1-8.[1]

On August 2, 2016, this Court issued a per curiam order directing Appellant "to show cause, within 10 days of the date of this Order, why the appeal should not be quashed as taken from an unappealable order and how this appeal satisfies the requirements of Pa.R.A.P. 313."  Order, 8/2/16. Appellant responded by claiming — for the first time — that her appeal involves a double jeopardy issue, and, in support of that claim, she cited

---

[1] The jurisdictional discussion in the trial court's opinion concludes, "this Court respectfully requests that the [Appellant's] appeal from this Court's Order of May 31, 2016 be quashed."  Tr. Ct. Op. at 5.  Appellate Rule 1925(a)(1) provides:

> Except as otherwise prescribed by this rule, upon receipt of the notice of appeal, the judge who entered the order giving rise to the notice of appeal, if the reasons for the order do not already appear of record, shall forthwith file of record at least a brief opinion of the reasons for the order, or for the rulings or other errors complained of, or shall specify in writing the place in the record where such reasons may be found.

The rule does not call for trial court to opine on this Court's jurisdiction or to advocate for quashal or any other disposition.  It calls only for an explanation of the trial court's reasoning that will assist us in deciding the merits of the appeal.  A Rule 1925(a) opinion should be limited accordingly.

*Commonwealth v. Brady*, 508 A.2d 286 (Pa. 1986). On August 15, 2016, this Court filed a per curiam order discharging the show-cause order and stating that the Court "will take no action at this time and will refer the issue to the merits panel to be assigned to this case." Order, 8/15/16.

In her brief, Appellant now includes the collateral order issue as the first of her two questions presented:

1. Does this Court have jurisdiction to hear this matter pursuant to Pa.R.A.P. 313 and *Commonwealth v. Brady*, 510 Pa. 335, 508 A.2d 286 (1986).

2. Did the Court err in failing to grant [Appellant's] [motion] to dismiss the charges against her pursuant to Pa.R.Crim.Pro. 543(F).

Appellant's Brief at 3. We conclude that we lack jurisdiction to hear this appeal.

Appellant is correct that an order denying a proper motion to dismiss on grounds of double jeopardy is immediately appealable as a collateral order under Appellate Rule 313.[2] *Commonwealth v. Haefner*, 373 A.2d 1094, 1095 (Pa. 1977); *Commonwealth v. Bolden*, 373 A.2d 90, 94-105

_____

[2] Pa.R.A.P. 313 states:

> **(a) General rule.** An appeal may be taken as of right from a collateral order of an administrative agency or lower court.

> **(b) Definition.** A collateral order is an order separable from and collateral to the main cause of action where the right involved is too important to be denied review and the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost.

(Pa. 1977).   But Appellant never filed a motion to dismiss on double jeopardy grounds.  Such a motion must be filed under Rule 287(B) of the Rules of Criminal Procedure.  The motion that is the subject of Appellant's putative appeal was filed under Criminal Rule 543.

This distinction is critical for purposes of appellate review.  In **Brady**, 508 A.2d at 290-91, and **Commonwealth v. Orie**, 22 A.3d 1021, 2024-28 (Pa. 2011), the Supreme Court concluded that because a right to immediately appeal an order denying a double jeopardy defense may encourage the filing of frivolous and dilatory motions by some defendants, it would not recognize orders disposing of frivolous double jeopardy motions as collateral orders.  Accordingly, Rule 287(B) provides that a court denying a motion to dismiss on double jeopardy grounds must make a specific finding regarding whether the motion was frivolous.  Pa. R. Crim. P. 287(B)(4).  If the court finds that the motion was not frivolous, the order is immediately appealable as a collateral order.  But if the court deems the motion frivolous, the defendant may seek appellate review only by filing a petition for review under Appellate Rule 1573.  By filing her motion under Rule 543 rather than 287(B), Appellant improperly bypassed the process by which the appealability of double jeopardy orders is determined.

Appellant nevertheless claims that the trial court's order here is a double jeopardy order because "she has already been tried by a Court of competent jurisdiction in this matter, same being the Magisterial District Justice, on May 3, 2016, at which time she was placed in jeopardy by the

Court." Appellant's Brief at 7. We disagree. The May 3, 2016 hearing was a preliminary hearing at which the MDJ dismissed the misdemeanor charge of simple assault, but ordered Appellant arraigned on the summary harassment count. Because Appellant has not yet been tried on the harassment count, jeopardy has not attached with respect to that charge. "[T]his Court has determined that at the heart of double jeopardy jurisprudence is the requirement that an individual demonstrate that he or she has been subjected to the risk of a trial on the merits. *Commonwealth v. Hunter*, 674 A.2d 306, 307 (Pa. Super. 1996) (citation omitted), *appeal dismissed as improvidently granted*, 701 A.2d 1356 (Pa. 1997). In Pennsylvania, jeopardy does not attach and the constitutional prohibition against double jeopardy has no application until a defendant stands before a tribunal for a trial to determine her guilt or innocence. *Id.* That did not happen at the May 3, 2016 preliminary hearing because a "preliminary hearing is not a trial." *See Commonwealth v. Weigle*, 997 A.2d 306 (Pa. 2010).

It follows that Appellant's motion under Rule 543 was not a motion to dismiss on double jeopardy grounds. Indeed, it never purported to be. In that motion, Appellant never asserted her right to be free from being placed in double jeopardy and never cited any authority regarding double jeopardy at all. Understandably, then, the trial court never discussed double jeopardy when it disposed of Appellant's motion and filed its Rule 1925(a) opinion.

As the Commonwealth aptly states, "Although [Appellant] argues that her right is embedded in the Double Jeopardy Clause, the actual 'right' she is

asserting is to have her case heard before a magisterial district judge rather than a judge of the court of common pleas." Commonwealth Brief at 2. A review of Appellant's motion confirms the Commonwealth's observation. Appellant's initial "Motion to Cancel Arraignment and Redirect Case to Proper District Justice" stated:

> The only remaining charge filed against Sherry L. Logsdon is a summary offense, which should be properly heard before District Justice Larry J. Pentz, in the jurisdiction in which the alleged summary offense occurred. (39 -3 -02)
>
> . . .
>
> WHEREFORE, it is requested this Honorable Court enter an Order canceling the June 1, 2016, arraignment and directing that this matter be remanded to District Justice Larry J. Pentz' office for further proceeding.

Motion to Cancel Arraignment and Redirect Case to Proper District Justice, 5/10/2016, at 2. After that motion was denied and after Appellant was arraigned on the summary offense, she filed her "Motion Requesting Court To Revisit Motion To Dismiss Charges," in which she renewed her prior argument and requested dismissal for failure to comply with her interpretation of Rule 543. *See* Motion Requesting Court To Revisit Motion To Dismiss Charges, 6/9/16, at 1-2. None of Appellant's motions dealt with double jeopardy.

Trial has not yet been held in this matter, and the order from which Appellant seeks to appeal therefore is interlocutory. Because the trial court's order was not a denial of a motion to dismiss on double jeopardy grounds, it

- 8 -

is not a collateral order under **Commonwealth v. Brady**. Appellant presents no other basis upon which we may exercise jurisdiction to hear this matter.[3] Therefore, we quash the appeal for lack of jurisdiction.

Appeal quashed. Jurisdiction relinquished.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/3/2017

---

[3] Apart from her double jeopardy argument, Appellant does not argue that the trial court's order otherwise qualifies as a collateral order.